**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No.: 8:16-cr-541-T-17TGW

JASON JEROME SPRINGER

---

## ORDER OF RECUSAL

On its own motion, the Court enters this Order of Recusal. *See United States v. Disch*, 347 F. App'x 421, 422 (11th Cir. 2009) (stating that "judge[s] [are] under an affirmative, self-enforcing obligation to recuse [themselves] *sua sponte* whenever the proper grounds exist."). Upon entry of this Order, this case is referred to the Clerk for random reassignment.

Federal judges must recuse themselves when their impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The recusal standard turns on "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Moody,* 755 F.3d 891, 894 (11th Cir. 2014). Any doubts about whether federal judges should recuse themselves should be resolved in favor of recusal. *Id.* Nonetheless, judges should not recuse themselves based on "unsupported, irrational, or highly tenuous speculation." *Id.* This is in accordance with the main aim of the recusal statute: to promote the public's confidence in a disinterested and impartial judiciary. *Id.*

A criminal defendant cannot use death threats to force a judge's recusal. *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1350 (M.D. Fla. 2002). However, cases

within the ambit of "§ 455(a) are extremely fact driven, and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *Id.* While the Eleventh Circuit has never held that a victim of a crime is a party to the proceeding under the recusal statute, that court has also reviewed whether a defendant's threatening of a judge was "motivated by a desire to cause recusal." *Disch*, 347 F. App'x at 423.

The Court finds that recusal is proper under § 455(a) because a disinterested party would entertain reasonable doubts about the Court's ability to be impartial in this case. Here, the Defendant allegedly attempted to determine the Court's home address to carry out an assassination plot. *Motion for Bond*, Doc. No. 59 at 3. The Defendant is further alleged to be on a "mission" to kill the presiding officer of this Court, and described detailed plans to do so. *Id.* These allegations do not suggest that the Defendant acted only with the motivation to cause the Court to recuse itself. They are, indeed, much more substantive allegations, and are not unsupported, tenuous, or highly speculative. The Court finds that recusal is appropriate in this case.

* * *

This Court has had the great honor and responsibility to serve as a judicial officer for nearly forty-five years. Over the course of that time, the Court has received numerous threats that have not resulted in recusal. Such threats come with the territory of being a judge. But this case is unique. To ensure the public's ongoing confidence in the integrity of the federal judiciary, and to ensure that the Defendant is afforded his right to an unbiased judge, the Court feels constrained to enter this Order of Recusal. It does

not do so lightly, and only takes this step after deep reflection on the unique circumstances presented in this case.

* * *

Accordingly,

It is **ORDERED** that the Court on its own motion enters this Order of Recusal. The case is referred to the Clerk for random reassignment.

**DONE** and **ORDERED** in Tampa, Florida on 13th day of March, 2017.

ELIZABETH A. KOVACHEVICH
U.S. DISTRICT JUDGE

Copies furnished to:
Counsel of Record, *including appointed stand-by counsel*
Jason Jerome Springer, *pro se*