United States Appellate Court
Middle District of Florida
Tampa Division

United States of America
-V.
Jason Jerome Springer

Case No. 8:16-cr-541-T-TGW

Pro Se Litigants Appeal of lower Courts Decision to deny defendants motion to dismiss indictment

By and through Pro Se Litigant, Jason Jerome Springer hereby files appeal of courts decision to deny motion to dismiss indictment. ("Order Denying Motion to Dismiss" Dkt. 55) For the reasons set forth herein the appellate courts should reverse lower courts order to deny dismissal.

Factual Background

In the courts order to deny dismissal it ignores the fact that evidence to prove selective and vindictive prosecution has been deemed "classified". The courts assertion that my motion is "fatally insufficient and consequently fails" is made in ignorance. It does not have essential evidence to order a denial and can not see that the government has transgressed its discretion on account of "classified" information.

FILED 2017 MAR 15 AM 11:58 CLERK U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

## I. The Executive Branch of Government is above the law and the courts.

In Special Agent Wayne Nicholas Nance Jr's Affidavit he confirms that he violated my fourth amendment right to be secure in my "persons, house, papers and effects..." by seizing without a warrant my liability waiver from "Shooters World" which clearly states, "All information will be kept strictly confidential, will not be distributed or made available to others for any purpose, and is for the sole use of "shooters world LLC." (end quote) The waiver itself is a "legitimate expectation of privacy." What should be a "government under law" is obviously a "government above the law" and in this case what society would see as unreasonable is ignored by the court on account of superior branches of government. The court is not so mislead to think showing a discriminatory effect would be constitutional. I would need the authority given to FBI Special Agent Nance to violate a "similarily situated comparators" privacy and attain "shooters world" business records and again;

showing a "discriminatory purpose" would mean that "classified" information would need to be made available. When involving a human beings right to be free the special province of the Executive - its prosecutorial discretion should not be deemed "classified" in attempts to uphold justice.

II. The court as well as the prosecution continue to threaten me with superseding indictment increasing my punitive exposure with no concern of violating due process principals.

The prosecutors allegiance with federal inmates at the Pinellas County Detention Center has increased my punishment. The Court (Elizabeth A. Kovachevich) has ruled in favor of the prosecution along with the Federal Defenders Office in Tampa conspiring to bring about more severe charges. The prosecutions pretrial conduct proves "animus" The prosecutions response to my motion to dismiss and motion to suppress evidence was the opening of an investigation into accusations of threats to harm Judge Elizabeth A. Kovachevich.

Special Agent Wayne Nicholas Nancek and the Federal Bureu of Investigation continue to hide in the shadows with information that would prove "causation." Until justice is sought by those without ulterior motives the constitution along with those who defend and enforce the mentality and methodology of those who authored it; will continue to be used as a tool which benefits only a priviliged prosperity.

Conclusion

Proving selective prosecution is a matter of violating others fourth amendmant rights. It would mean that the Executive Branch of government would have to be held accountable for its actions and admit being guilty of making decisions to prosecute based on unjustifiable standards. We operate by a constitution written by men who thought blacks to be inferior yet today decisionmakers in this matter before the court ignore their bias views

and claim they are upholding justice.
The Courts "sealed" document is "sealed" for good reason. In it and other orders this prosecutions "vindictiveness" is found.

Wherefore, for the reasons stated above, I Jason Jerome Springer, Pro Se Litigant Appeal the Courts Order to Deny Dismissal

Respectfully submitted
Jason Jerome Springer
Pro Se Litigant
Jason Jerome Springer

March the 12th day of 2017

Jason Jerome Springer 1700796 cc1 3
14400 49th St
Clearwater, Fl 33761

Jason Jerome Sponjer 1700796 CC1 3
14400 49th St
Clearwater, Fl 33761

TAMPA FL 335
SAINT PETERSBURG FL
13 MAR 2017 PM 4 1



United States Appellate Court
Middle District of Florida
801 N. Florida Ave.
Tampa, Fl 33602

33602-384802